UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SUPERIOR CONSULTING SERVICES, INC.**,

       **Plaintiff,**

v.   Case No:   6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and SHAKLEE U.S., LLC,**

       **Defendants.**

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **THE SHAKLEE DEFENDANTS' MOTION TO STRIKE DECLARATIONS FROM UNDISCLOSED WITNESSES (Doc. No. 221)** |
| **FILED:** | **January 19, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

I.   **FACTUAL BACKGROUND**

On December 14, 2017, Plaintiff filed the operative complaint (the "Complaint") against Defendants. Doc. No. 159. Count I alleges direct federal trademark infringement under the Lanham Act, 15 U.S.C. § 1125; Count II alleges vicarious federal trademark infringement under the Lanham Act; Count III alleges a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*; Count IV alleges common law trademark infringement;

Count V alleges statutory trademark dilution under the Lanham Act and the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.001; Count VI alleges unfair competition under the Lanham Act; and Count VII alleges tortious interference with advantageous business relationships under Florida common law. *Id.* at 14-23. Central to Plaintiff's claims are Defendants' alleged use of Plaintiff's marks for Healthprint.[1] Healthprint is an assessment tool created by Eleanor Cullen that constructs a personalized plan to achieve better health for the user.[2] *Id.* at 5.

On January 2, 2018, Defendants filed their answer, affirmative defenses, and counterclaim (the "Counterclaim"). Doc. No. 166. Count I of the Counterclaim alleges trademark dilution under the Lanham Act and the Florida Registration and Protection of Trademarks Act; Count II of the Counterclaim is a claim for declaratory relief; and Count III of the Counterclaim is a FDUTPA claim. *Id.* at 38-41. Central to Defendants' counterclaims are Plaintiff's alleged dilution of Defendants' marks and alleged illegal use of its Healthprint marks to engage in the unlicensed practice of medicine. *Id.* at 33-41.

On January 12, 2018, Plaintiff filed a motion seeking summary judgment on Counts I, III, IV, and VI of the Complaint, Counts II and III of the Counterclaim, and seven of Defendants' affirmative defenses (the "Motion for Summary Judgment"). Doc. No. 187. Attached to the Motion for Summary Judgment are twenty-four declarations. Doc. Nos. 188-211. On January 19, 2018, Defendants filed a motion requesting that the Court strike twenty-two of those declarations because they were made by witnesses that were either: 1) never identified as individuals having knowledge of a specific subject matter; 2) identified but later removed from Plaintiff's amended Rule 26

---

[1] In the Complaint, Plaintiff alleges that Defendants infringed upon two separate marks. Doc. No. 159 at 7. Plaintiff alleges that the first mark is used regarding nutritional supplements and printed material regarding healthcare, and the second mark is used regarding blood testing services and nutrition consultation. *Id.*

[2] Ms. Cullen is Plaintiff's owner. Doc. No. 159 at 2.

disclosures; or 3) identified for having knowledge of subject matters different than those contained in their respective declarations (the "Motion").[3] Doc. No. 221. Defendants also request that the Court preclude any related testimony or evidence from the witnesses providing such declarations and award attorneys' fees and costs.[4] *Id.* at 25. On January 22, 2018, Plaintiff filed its response to the Motion, arguing that all of the witnesses and information thereto were either properly identified in its Rule 26 disclosures or otherwise made known during discovery. Doc. No. 223 at 6-21.

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name … of each individual likely to have discoverable information[,] along with the subjects of that information[,] that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

The Advisory Committee notes to Rule 26(e) state that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report." Fed. R. Civ. P. 26(e), Advisory Committee's Notes to 1993

---

[3] Defendants do not seek to strike a declaration filed by Carole Guth on behalf of her daughter M.G. (Doc. No. 196) and a declaration filed by Marie Catherine Scheyven (Doc. No. 199). Doc. No. 221 at 3.

[4] Defendants also request a hearing on the Motion, but for the reasons stated below, the Court does not find a hearing to be necessary.

Amendment. Commentary regarding Rule 26's allowance of "information otherwise made known" states:

> A party need not supplement with respect to information that has "otherwise been made known to the other parties during the discovery process or in writing." For example, if a new witness is conspicuously identified during a deposition, the existence of that witness has been made known and the court may find that formal supplementation of disclosures or relevant discovery responses was not required. <u>By way of contrast, the fact that a witness was referenced in documents that had been produced, or that a party made vague references at a deposition to other information that the party may use, have been found not sufficient. The operative premise is that parties need not engage in the pro forma amendment of their disclosures and written discovery responses when the purposes of supplementation have already been served</u>….
>
> It must be emphasized that <u>a party is not automatically relieved of all of its duties to supplement just because the existence of a previously undisclosed witness or document comes to light during discovery.</u> This is because the different disclosure and discovery obligations serve different purposes, not all of which will automatically be served once the new information is "otherwise made known" to the opposing party.
>
> For example, imagine that a party prominently mentions a previously unidentified witness during a deposition and clearly indicates the things that person knows about. That revelation itself might satisfy Rule 26(e) with respect to an interrogatory that had asked for the names of witnesses; requiring the responding party to serve a supplemental interrogatory answer with the name of the new witness added to it would seem to be the type of pro forma act the rule is trying to avoid. <u>But if the person was a favorable witness that the party wanted to use to support its claims or defenses, then the party would still need to supplement its Rule 26(a) initial disclosures unless it had been made clear during the deposition testimony not just that the person existed and had information but also that the party intended to use that person to support its claims.</u>

Steven S. Gensler, 1 Federal Rules of Civil Procedure: Rules & Commentary, Rule 26 (citing authority) (emphases added). Thus, the purpose behind Rule 26's allowance of "information otherwise made known" is to lessen pro forma amendments of disclosures and written discovery responses when the purposes of supplementation have already been served. *Id.* A party, however,

is not automatically relieved of its duty to supplement just because the existence of a previously undisclosed witness or document comes to light during discovery. *Id.*

Consistent with the above-referenced Advisory Committee notes and commentary, courts have found that there is no obligation to supplement Rule 26 disclosures when the witness's existence and knowledge were disclosed during the discovery process. *See Chadwick v. Bank of Am., N.A.*, 616 F. App'x 944, 948 (11th Cir. 2015) (declining to strike an affidavit from a loan officer in support of a motion for summary judgment because the loan officer verified responses to interrogatories, and thus, her knowledge of the case should not have come as any surprise); *Great Am. Assur. Co. v. Sanchuck, LLC*, 8:10-cv-2568-T-33AEP, 2012 WL 3860429, at *1 (M.D. Fla. Sept. 5, 2012) (declining to strike a witness' testimony even though that witness was not mentioned in the plaintiff's Rule 26 disclosures because the defendant was already made aware of that person through deposition testimony).[5] However, courts have looked unfavorably on a party's attempts to shift the burden of disclosure and recognize that "mere identification of a witness is insufficient to negate a [party's] need to supplement." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec. LLC*, No. 13-CIV-80371-BLOOM/Valle, 2015 WL 11251736, at *1-3 (S.D. Fla. Jul. 29, 2015) (quoting *Coene v. 3M Co.*, 303 F.R.D. 32, 47 (W.D.N.Y. 2014) ("A party's mere knowledge of the existence of a witness is insufficient to alert the party that the opposing party might call the witness in support of their claims or defenses."); s*ee also Dugas v. 3M Co.*, No. 3:14-cv-1096-J-39JBT, 2015 WL 3938777, at *2-4 (M.D. Fla. Jun. 26, 2015) (rejecting the plaintiff's argument that a late disclosure of a witness was harmless because while the identity and contact information of such witness were provided, the defendant was not properly informed of the subject matter of the witness's potential testimony); *Oiller v. Sweetwater Union High Sch. Dist.*

---

[5] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. 11th Cir. R. 36-2.

768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations. An adverse party should not have to guess which undisclosed witnesses may be called to testify."). Thus, the issue of whether information required under Rule 26 was otherwise made known during discovery must be examined on a case-by-case basis in light of the underlying facts.

Rule 37(c) allows the Court to strike information or witnesses not disclosed under Rule 26(a) or otherwise made known under Rule 26(e). Rule 37(c) states that in the event that "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).[6] The "party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless." *Murdick v. Catalina Mkt'g Corp.*, 496 F. Supp. 2d 1337, 1345 (M.D. Fla. 2007). The Eleventh Circuit has held that it reviews the exclusion of a non-disclosed witness under an abuse of discretion standard and considers the following factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).[7]

---

[6] Rule 37(c) acts as an "automatic sanction" barring the party from using that information or witness unless the failure to disclose was substantially justified or harmless. *See Nat'l. Union Fire Ins. Co. of Pittsburgh*, 2015 WL 11251736 at * 2.

[7] Though the Eleventh Circuit in *Bearint* applied this standard with regard to a witness not listed on the pretrial order, the Eleventh Circuit has applied the same standard when reviewing a district court's exclusion of a witness under Rule 26. *Cooley v. Great South. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005).

**III.   ANALYSIS**

    **A.   Disclosure Under Rule 26(a)**

The Court must determine whether: 1) the witness and the subject matter were disclosed pursuant to Rule 26(a); or 2) whether the witness and the subject matter were otherwise made known under Rule 26(e). *See supra* pp. 3-5. Of the twenty-two witnesses Defendants seek to exclude, Plaintiff concedes that only one witness, Carole Guth, was disclosed under Rule 26(a). Doc. No. 223 at 11. Ms. Guth's declaration states that the photographs attached thereto are Plaintiff's nutritional supplements and that such supplements are packaged and labeled with Plaintiff's Healthprint mark. Doc. No. 189 at 2. Defendants argue that Ms. Guth was not properly disclosed regarding the issue of Plaintiff's supplements. Doc. No. 221 at 19-20. The Court, however, disagrees. Plaintiff consistently identified Ms. Guth as a witness having knowledge of all of the Complaint's allegations.[8] Doc. No. 221-7 at 3; Doc. No. 221-8 at 4; Doc. No. 221-10 at 3; Doc. No. 221-11 at 3. The Complaint states that one of Plaintiff's Healthprint marks "protects nutritional supplements for general health maintenance." Doc. No. 159 at 7. Accordingly, the Court finds that Ms. Guth was properly disclosed under Rule 26(a) regarding the subject matter provided in her declaration.

    **B.   Disclosures Under Rule 26(e)**

Plaintiff argues that the information required under Rule 26 regarding the other twenty-one witnesses was otherwise made known pursuant to Rule 26(e). Doc. No. 223 at 6-11, 13-21. The Court has considered Plaintiff's arguments and makes the following findings regarding these witnesses.

---

[8] Plaintiff served six iterations of its initial disclosures, including its fifth amended version on November 4, 2017. Doc. No. 221-11.

### 1) The Healthprint Declarants

Plaintiff filed eleven declarations from its clients stating that they took a Healthprint without a blood test and describing their experiences with the same (collectively, the "Healthprint Declarants"). Doc. Nos. 191, 192, 193, 194, 195, 197, 198, 200, 201, 202, 204. Plaintiff argues that the information required under Rule 26 regarding the Healthprint Declarants was otherwise made known during discovery because such information was revealed in a document produced to Defendants and later used by them at a deposition. Doc. No. 223 at 6-8 (citing Doc. No. 176 at 301; Doc. No. 176-23 at 1-2). The Court agrees. Plaintiff produced a list of names in response to an interrogatory requesting the identification of all persons who ordered a Healthprint without a blood test, and Defendants used that list at Ms. Cullen's deposition. Doc. No. 176 at 301; Doc. No. 176-23 at 1-2. Accordingly, the Court finds that the information required under Rule 26 was otherwise made known with regard to the Healthprint Declarants' knowledge of having obtained Healthprints without a blood test.

The declarations from the Healthprint Declarants, however, address topics that go beyond obtaining Healthprints without a blood test. Specifically, these declarations state that the Healthprint Declarants: 1) signed a "Doctor Notification Agreement" stating that Ms. Cullen does not diagnose, treat, or cure any disease; 2) never considered Ms. Cullen to be their doctor; 3) never received a suggestion from Ms. Cullen that they purchase any nutritional supplements; and 4) never heard Ms. Cullen represent herself to be a distributor for Defendants. Doc. Nos. 191, 192 193, 194, 195, 197, 198, 200, 201, 202, 204. Plaintiff has not shown that the Healthprint Declarants' knowledge regarding these other topics and Plaintiff's intent to use this knowledge was otherwise made known in discovery. Thus, the Court finds that such information was not otherwise made known under Rule 26(e).

### 2) The Cullen Declarants

Plaintiff filed six declarations from Jill Pergande, Joyce Anderson, Lynn Pappas, Jack McManus, Cheryl Morgan, and Celina Emery (collectively, the "Cullen Declarants") generally stating that: 1) Ms. Cullen never held herself out as a doctor; 2) the declarant signed a "Doctor Notification Agreement" stating that Ms. Cullen does not diagnose, treat, or cure any disease; and 3) Ms. Cullen never encouraged the declarant to purchase supplements from a particular company or recommended any form of medical treatment. Doc. Nos. 203, 205, 206, 207, 209, 210. Plaintiff argues that the information required under Rule 26 was otherwise made known as to these witnesses either through deposition testimony or through a document produced by Marjorie Fine, Defendants' corporate representative, stating that it appeared Ms. Cullen engaged in unlicensed practice of medicine regarding four of these witnesses. Doc. No. 223 at 10-11 (citing Doc. No. 223-2).

With regard to the declarations of Ms. Pergande, Ms. Anderson, Ms. Pappas, and Mr. McManus, the Court agrees with Plaintiff. Ms. Fine, acting as Defendants' corporate representative, produced a written response to a Rule 30(b)(6) deposition naming Zach Pergande, Audrey Anderson, Ms. Pappas, and Mr. McManus as persons as to which it appeared Ms. Cullen had allegedly engaged in the unlicensed practice of medicine.[9] Doc. No. 223-2. Any argument from Defendants claiming a lack of disclosure as to these four witnesses is belied by Ms. Fine's production of the above-referenced document. *Id.* Thus, the Court finds that the information required under Rule 26 was otherwise made known as to Ms. Pergande, Ms. Anderson, Ms. Pappas, and Mr. McManus.[10]

---

[9] Zach Pergande is Ms. Pergande's son who was also a Healthprint user. Doc. No. 203 at 2. Ms. Anderson contacted Ms. Cullen regarding the health of her daughter, Audrey. Doc. No. 205 at 2.

[10] Ms. Pergande's declaration also discusses her experience of using a Healthprint without a blood test. Doc. No. 203

With regard to the declarations of Ms. Morgan and Ms. Emery, Plaintiff cites only deposition testimony given by its own personnel in support of its argument that the disclosure required under Rule 26 was otherwise made known during discovery. Doc. No. 223 at 10 (citing Doc. No. 176 at 233-39, Doc. No. 214 at 173). Defendants took these depositions, and the testimony cited was given in response to questions posed by defense counsel. The witnesses were asked about communications with their clients, Ms. Morgan and Ms. Emery. Doc. No. 176 at 233-39, Doc. No. 214 at 173. Such testimony, however, does not indicate that Plaintiff intends to use Ms. Morgan and Ms. Emery as witnesses or identify the subject matters to which they may be used. Doc. No. 176 at 233-39, Doc. No. 214 at 173. Accordingly, the Court finds that the information required under Rule 26 was not otherwise made known in discovery as to Ms. Morgan and Ms. Emery.

### 3) Declarations from Frankie Boyer, Craig McSherry, Larry Smarr, and Tamara Sachs

In support of the Motion for Summary Judgment, Plaintiff filed four other declarations. Doc. Nos. 188, 190, 208, 211. First is the declaration of Frankie Boyer, the host of a radio show on which Ms. Cullen discussed Healthprint, stating that Plaintiff's supplements were not sold on her radio show but were given away. Doc. No. 188 at 2-3. The declaration also describes the packaging of Plaintiff's supplements and states that Ms. Cullen was careful to tell listeners that her radio interviews should not be construed as medical advice. *Id.* at 3-4. Second is the declaration of Craig McSherry, a former associate director for Procter & Gamble, stating that he assessed the possibility of the company acquiring Plaintiff's business or entering into a partnership with Plaintiff. Doc. No. 190. Mr. McSherry's declaration also states that he completed a Healthprint

---

at 2. The Court finds that this information was otherwise made known for the reasons stated above.

and presented his findings to Jennifer Steeves-Kiss.[11] *Id.* at 4. Third is the Declaration of Larry Smarr stating that he uses Plaintiff's Healthprint test kits for his academic research and that he is a Healthprint user. Doc. No. 208. Last is the declaration of Dr. Tamara Sachs, a member of Plaintiff's advisory board, stating that she approved Plaintiff's lab tests. Doc. No. 211. Dr. Sachs' declaration also provides general information regarding the procedures made before ordering such tests. *Id.* at 2-3.

Plaintiff argues that the disclosure of information required under Rule 26 as to these witnesses was otherwise made known through deposition testimony. Doc. No. 223 at 16 (citing Doc. No. 176 at 280-81; Doc. No. 214 at 159-160); Doc. No. 223 at 18-19 (citing Doc. No. 224 at 33-34); Doc. No. 223 at 20-21 (citing Doc. No. 176 at 138-164; Doc. No. 215 at 23-24); Doc. No. 223 at 21 (citing Doc. No. 214 at 142). All of the testimony cited was given in response to questions from defense counsel. The deposition testimony cited provides only brief references to these witnesses or, in the case of the deposition testimony cited with regard to Mr. Smarr, provides no reference at all.[12] Doc. No. 214 at 142. The cited testimony does not show that Plaintiff intended to use such witnesses or the subjects to which they may be used. Doc. No. 176 at 138-164, 280-81; Doc. No. 214 at 142, 159-160; Doc. No. 215 at 23-24; Doc. No. 224 at 33-34. *See also supra* pp. 3-5. Accordingly, the Court finds that the information required under Rule 26 was not otherwise made known with respect to these witnesses.[13]

---

[11] The Complaint states that Ms. Steeves-Kiss was employed by Procter & Gamble when, in or about 2005, Plaintiff disclosed confidential information to the company under a confidentiality agreement. Doc. No. 159 at 18. The Complaint also states that after departing Procter & Gamble, Ms. Steeves-Kiss eventually gained employment with Defendants and suggested the Healthprint name to them. *Id.*

[12] Plaintiff argues that the information required under Rule 26 as to Mr. Smarr was otherwise made known because he was the recipient of an exhibit presented at the deposition of Kimberly Morris, an employee for Plaintiff. Doc. No. 223 at 21. When such exhibit was introduced, Mr. Smarr's name was not referenced. Doc. No. 214 at 142. Furthermore, the exhibit is not attached to the deposition transcript. Doc. No. 214.

[13] The Court rejects Plaintiff's argument that Defendants have created their own plight by failing to take discovery of

### C. Exclusion

As noted above, the Court finds that the information required under Rule 26 was not otherwise made known with regard to witnesses Frankie Boyer, Craig McSherry, Larry Smarr, Cheryl Morgan, Celina Emery, and Dr. Tamara Sachs. *See supra* pp. 9-11. The Court also finds that the Healthprint Declarants' knowledge was only disclosed as to the subject matter of having obtained Healthprints without a blood test, but not the other topics addressed in their declarations. *See supra* p. 8. Because the foregoing witnesses and topics were not disclosed under Rule 26(a) or otherwise made known during discovery under Rule 26(e), the Court must determine whether Plaintiff's non-disclosure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c).

The Eleventh Circuit has identified three factors the Court must consider in determining whether to exclude testimony from witnesses that were not disclosed or otherwise made known. *See Bearint,* 389 F.3d at 1353. The Court will address them in turn. The first factor is the importance of the testimony, which the parties do not dispute. Plaintiff uses these declarations to support critical legal arguments in the Motion for Summary Judgment. *See e.g.* Doc. No. 187 at 6, 27. Thus, the Court finds the witness' testimony to be important. The second factor is the reason the party failed to earlier disclose the witness. *Bearint*, 389 F.3d at 1353. Plaintiff admits that twenty-one of the twenty-two witnesses at issue did not appear in its final amended disclosures. Doc. No. 223 at 6-11, 13-21. *See also* Doc. No. 221-11. Plaintiff offers no justification for the non-disclosures at issue, and the sheer volume of the non-disclosures presented shows at least gross negligence, which is inexcusable. Thus, the Court finds that there is no justification for the non-

---

these witnesses as a thinly veiled attempt to shift their disclosure obligations to Defendants. *See Dugas*, 2015 WL 3938777 at * 4 ("If the Court accepted [the plaintiffs'] position, it would shift the burden to [the defendants] to depose every listed witness and [inquire] about every possible relevant topic a witness could testify about, eviscerating Rules 26's requirement that the party offering the witness shoulders the burden of disclosing the subject matter of the witness's potential testimony."). *See also Bearint*, 389 F.3d at 1353 ("[R]egardless of the importance of [the witness's] testimony" and even if the late identification of the witness may have been excusable, the "subsequent delay in disclosing the full nature of [the witness's] testimony was not.").

disclosures at issue. The final factor is the prejudice to the opposing party. *Bearint*, 389 F.3d at 1353. Discovery is closed and dispositive motions have been filed. Thus, the Court finds that Defendants have been prejudiced because they have had no opportunity to mitigate the impact from Plaintiff's non-disclosures. Based on the foregoing, it is recommended that the undisclosed witnesses and subject matters set forth above be stricken and such testimony be precluded.

### D. Reasonable Expenses

Defendants request that the Court award reasonable expenses for Plaintiff's failure to disclose pursuant to Rule 37(c)(1)(A). Doc. No. 221 at 25. The rule provides that the Court "may order payment of the reasonable expenses, including attorney's fees" caused by a party's failure to disclose information required under Rule 26. Fed. R. Civ. P. 37(c)(1)(A). Because the Motion is only granted in part, it is recommended that the Court decline to award reasonable expenses to Defendants.

## IV. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** the Motion (Doc. No. 221) as follows:

1) The Court should consider the declarations of the Healthprint Declarants (Doc. Nos. 191, 192, 193, 194, 195, 197, 198, 200, 201, 202, and 204) only to the extent that they address the subject matter of obtaining Healthprints without a blood test and **STRIKE** and preclude all other information provided in such declarations; and

2) The Court should **STRIKE** the declarations of Frankie Boyer, Craig McSherry, Larry Smarr, Cheryl Morgan, Celina Emery, and Tamara Sachs (Doc. Nos. 188, 190, 208, 209, 210, and 211) and preclude all testimony from such declarations; and

3) The Court should **DENY** the Motion in all other respects.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 7, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy