# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUPERIOR CONSULTING SERVICES, INC.,**

      **Plaintiff,**

v.                                                            Case No: 6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and SHAKLEE U.S., LLC,**

      **Defendants.**

## ORDER

This matter comes before the Court after an evidentiary hearing on the Plaintiff's Motion to Exclude Preethi Srinivasan and Alisa Mosler under *Daubert* (Doc. 185) and the Defendant's Response (Doc. 236).

### I. Factual Background and Procedural History

Superior owns two Florida fictitious business entities called "Your Future Health" and "YFH" (collectively "Superior"). Doc. 20 ¶ 5. Eleanor Cullen owns and operates Superior. Superior's "primary objective is the early detection of disease, through performing certain laboratory tests, including blood tests, for consumers." *Id.* ¶ 7. Superior accomplishes its objective by creating a profile "customized to a client's unique biochemistry," called a "Healthprint." *Id.* ¶ 11. Superior has registered the mark "Healthprint" twice with the United States Patent and Trademark Office ("USPTO"). Registration number 2646571 was obtained on November 5, 2002, and registration number 2928465 was obtained on March 1, 2005. Doc. 20 ¶¶ 14, 16. The USPTO did not require proof of a secondary meaning for either mark. *Id.* ¶ 18. On November 8, 2008, and February 5, 2011, Superior filed declarations of incontestability for the marks.

On June 8, 2016, Shaklee, a corporation that manufactures and distributes nutritional supplements, beauty products, and household-cleaning products, filed a trademark application with the USPTO claiming a similar "Healthprint" mark. Shaklee's Healthprint refers to a free, online survey that consists of twenty-two questions about a client's personal characteristics, habits, and goals. Doc. 43–8 ¶ 13. Once the client answers all of the questions, he or she is presented with "a customized set of Shaklee products that fits [his or her] health goals, needs and budget." Doc. 43–7, Ex. 1 at 1.

On December 14, 2017, Superior filed its Second Amended Complaint alleging trademark infringement and violations of the Florida Deceptive and Unfair Trade Practices Act. Doc. 159. On January 2, 2018, Shaklee filed its Answer, Affirmative Defenses, and Counterclaim. Doc. 166. On January 12, 2018, Superior filed its *Daubert* Motion to exclude the testimony of Shaklee employees Preethi Srinivasan and Alisa Mosler. Doc. 185. On February 2, 2018, Shaklee filed its Response in Opposition. Doc. 236.

**II.     Legal Standards**

Federal Rule of Civil Procedure 26(a)(2)(B) provides that, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involved giving expert testimony," that witness's disclosure must accompany a written report prepared and signed by the witness. If the witness is not required to prepare such a report, the disclosure must include the subject matter of the expected evidence and a summary of the facts and opinions that are expected to be included in the witness's testimony. FED. R. CIV. P. 26(a)(2)(C).

Federal Rule of Evidence 702 governs the admission of expert witness testimony. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the opinion testimony has the burden of establishing each precondition to admissibility by a preponderance of the evidence. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

In *Daubert v. Merrill Dow*, 509 U.S. 579 (1993), the Supreme Court admonished trial courts to fulfill a gatekeeping role in the presentation of expert testimony. To guide district courts' assessments of the reliability of an expert's testimony, the Supreme Court identified four factors that district courts should consider: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the theory or technique used by the expert has been subjected to peer review and publication; (3) whether there is a known or potential error rate of the methodology; and (4) whether the technique has been generally accepted in the relevant scientific community. *See id.* at 593–94. At the same time, the Court has emphasized that these factors are not exhaustive and are intended to be applied in a "flexible" manner. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). District courts are charged with this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies the appellation "expert testimony." *Rink*, 400 F.3d at 1291 (quoting *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)).

### III.    Analysis

Preethi Srinivasan is the Web Development Director for Shaklee. Doc. 236 at 5. Her ordinary duties include tasks such as direction of the configuration of Shaklee's Google Analytics account, and she regularly utilizes Google Analytics information. Doc. 236 at 5. Alisa Mosler is the Vice President of Analytics for Shaklee, and she regularly accesses Google Analytics as part of her job. Doc. 236 at 7. Both Srinivasan and Mosler have been deposed by Superior and both have offered testimony related to Google Analytics and Shaklee's Healthprint. Shaklee timely disclosed both Srinivasan and Mosler as expected witnesses before the November 21, 2017 deadline. Additionally, Shaklee served supplemental disclosures on November 21, 2017, that indicated Srinivasan and Mosler would be responding to factual claims made by Dieterle in his expert report.[1] Superior argues that Srinivasan and Mosler should be "excluded under *Daubert* because Defendants are using their own employees solely in an effort to rebut technical issues in this case, of which neither of these witnesses had an opinion on, but for this lawsuit." Doc. 185 at 2.

First, Superior contends that Srinivasan and Mosler failed to disclose Rule 26(a)(2)(B) expert reports, and that Eleventh Circuit authority requires their exclusion as a result. Doc. 185 at 4 (citing *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)). Shaklee counters that no written reports are required from Srinivasan and Mosler, because they are both company employees whose duties do not regularly involve giving expert testimony, and they were not specifically retained to give expert opinions in this case. Additionally, Shaklee disclosed Srinivasan and Mosler as fact witnesses and hybrid witnesses under Rule 26(a)(2)(C). The plain language of Rule 26 "requires only certain expert witnesses to comply with the more detailed expert-report requirements of Rule

---

[1] David Dieterle is an expert witness retained by Superior. Dieterle's testimony relates to a Google Analytics survey he performed in order to compute Shaklee's online sales to customers who either viewed Shaklee's Healthprint mark or completed Shaklee's Healthprint questionnaire.

26(a)(2)(B)." *United States v. McCarthy Improvement Co.*, No. 3:14-cv-919-J-PDB, 2017 WL 443486, at *12 (M.D. Fla. Feb. 1, 2017). Srinivasan and Mosler were both Shaklee employees whose jobs had a connection to the specific events underlying the case, namely Googles Analytics information that pertained to Shaklee's Healthprint. They are simply not the sort of witnesses contemplated by Rule 26(a)(2)(B), and the detailed expert reports were not required.

Next, Superior argues that Srinivasan and Mosler's testimony offends *Daubert* "[e]ven if Srinivasan and Mosler had served proper expert disclosures." Doc. 185 at 13. Superior's chief complaints with Srinivasan's testimony are that "Shaklee stonewalled Superior's efforts to obtain financial documents related to Healthprint sales"[2] and that "she has never reviewed the underlying transactions at issue."[3] Doc. 185 at 13. Neither of these impact the admissibility of Srinivasan's testimony; they are both matters that can be addressed on cross-examination. As for Mosler's testimony, Superior contends that "Superior never had a chance to test the veracity of the allegations" made by Mosler and that "the lion's share of her expected testimony is nothing more than sheer hyperbole." Doc. 185 at 15-16. These are also both issues that can be addressed on cross-examination. Superior's arguments that Srinivasan and Mosler's testimony should be excluded under *Daubert* are without merit.

### IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion to Exclude Srinivasan and Mosler under *Daubert* (Doc. 185) is **DENIED**.

---

[2] At the evidentiary hearing on the Defendant's *Daubert* Motion to Exclude Dieterle, it became clear that the Google Analytics documentation, which was made available to the Plaintiff, was the only documentation that would show a number from which the appropriate sales number could be derived. Doc. 312 at 40-41.

[3] Notably, the Plaintiff's expert witness, Dieterle, testified that he did not review any of the individual transactions, either. Doc. 312 at 30-31.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party