# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUPERIOR CONSULTING SERVICES, INC.,**

      **Plaintiff,**

**v.**                                                         Case No: 6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and SHAKLEE U.S., LLC,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Plaintiff's *Daubert* Motion to exclude the expert report of Lloyd Morgenstern (Doc. 213), and the Defendants Response in Opposition (Doc. 232).

### I.     Factual Background and Procedural History

Superior owns two Florida fictitious business entities called "Your Future Health" and "YFH" (collectively "Superior"). Doc. 20 ¶ 5. Eleanor Cullen owns and operates Superior. Superior's "primary objective is the early detection of disease, through performing certain laboratory tests, including blood tests, for consumers." *Id.* ¶ 7. Superior accomplishes its objective by creating a profile "customized to a client's unique biochemistry," called a "Healthprint." *Id.* ¶ 11. Superior has registered the mark "Healthprint" twice with the United States Patent and Trademark Office ("USPTO"). Registration number 2646571 was obtained on November 5, 2002, and registration number 2928465 was obtained on March 1, 2005. Doc. 20 ¶¶ 14, 16. The USPTO did not require proof of a secondary meaning for either mark. *Id.* ¶ 18. On November 8, 2008, and February 5, 2011, Superior filed declarations of incontestability for the marks.

On June 8, 2016, Shaklee, a corporation that manufactures and distributes nutritional supplements, beauty products, and household-cleaning products, filed a trademark application with the USPTO claiming a similar "Healthprint" mark. Shaklee's Healthprint refers to a free, online survey that consists of twenty-two questions about a client's personal characteristics, habits, and goals. Doc. 43–8 ¶ 13. Once the client answers all of the questions, he or she is presented with "a customized set of Shaklee products that fits [his or her] health goals, needs and budget." Doc. 43–7, Ex. 1 at 1.

On December 14, 2017, Superior filed its Second Amended Complaint alleging trademark infringement and violations of the Florida Deceptive and Unfair Trade Practices Act. Doc. 159. On January 2, 2018, Shaklee filed its Answer, Affirmative Defenses, and Counterclaim. Doc. 166. On January 12, 2018, Superior filed the Daubert Motion to exclude the December 18, 2017 expert report of Lloyd Morgenstern. Doc. 213. Shaklee filed its Response on February 2, 2018. Doc. 232.

## II.  Legal Standards

Federal Rule of Evidence 702 governs the admission of expert witness testimony. It provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the opinion testimony has the burden of establishing each precondition to admissibility by a preponderance of the evidence. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

In *Daubert v. Merrill Dow*, 509 U.S. 579 (1993), the Supreme Court admonished trial courts to fulfill a gatekeeping role in the presentation of expert testimony. To guide district courts' assessments of the reliability of an expert's testimony, the Supreme Court identified four factors that district courts should consider: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the theory or technique used by the expert has been subjected to peer review and publication; (3) whether there is a known or potential error rate of the methodology; and (4) whether the technique has been generally accepted in the relevant scientific community. *See id.* at 593–94. At the same time, the Court has emphasized that these factors are not exhaustive and are intended to be applied in a "flexible" manner. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). District courts are charged with this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies the appellation "expert testimony." *Rink*, 400 F.3d at 1291 (quoting *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)).

### III.     Analysis

Shaklee timely served Morgenstern's expert report in response to Superior's disclosure of its expert's report on damages. Morgenstern's report disputes the methodology used and summarized by Superior's experts, BDO USA, LLC and David Dieterle, in their disclosed reports. Superior does not question Morgenstern's qualifications as an expert or the relevance of his testimony. Instead, Superior argues that Morgenstern's December 18, 2017 expert report should "be excluded because it relies on insufficient facts and data and entirely fails to appreciate that Shaklee's damages burden in this trademark case is to establish deductible expenses and costs unrelated to infringement." Doc. 213 at 2. As Shaklee points out, the damages burden is irrelevant to the

admissibility of Morgenstern's report. No matter who the burden falls on, Shaklee is entitled to offer damages-related evidence, either to uphold its own burden or to rebut Superior's evidence.

As for the allegedly insufficient facts and data, Superior specifically argues that Morgenstern's report is unreliable because he "did not pull an independent sample of the documents and he relies entirely on Srinivasan, who admitted she did not review all underlying transactions." Doc. 213 at 4. There is nothing problematic *per se* with an expert relying on information provided to him by company personnel, and Superior points out nothing in particular that is objectionable. Expert testimony based on reliable information, even if that information is not independently verified by the expert, is "routinely allowed" in the Eleventh Circuit. *Lary v. Boston Sci. Corp.*, No. 11-cv-23820, 2014 WL 7152769, at *14 (S.D. Fla. Dec. 15, 2014), *aff'd*, 633 F. App'x 781 (11th Cir. 2016) (citing *Advanced BodyCare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352 (11th Cir. 2010)). Srinivasan and Morgenstern were subject to lengthy depositions and Plaintiff's counsel will have the opportunity to cross-examine them at trial. Additionally, Morgenstern's testimony need not be based on a review of every individual transaction in order to be sufficiently reliable.[1] In sum, the Plaintiff's objections go to the weight of Morgenstern's testimony, not its admissibility under Rule 702 or *Daubert*.

### IV.    Conclusion

For the foregoing reasons, the Plaintiff's Motion to Exclude Morgenstern's expert report under *Daubert* (Doc. 213) is **DENIED**.

---

[1] Notably, the Plaintiff's expert witness, Dieterle, testified that he did not review any of the individual transactions. Doc. 312 at 30-31.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22, 2018.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party