# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUPERIOR CONSULTING SERVICES, INC.,**

    **Plaintiff,**

**v.**                                              Case No: 6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and SHAKLEE U.S., LLC,**

    **Defendants.**

## ORDER

This matter is before the Court on Shaklee's Motion in Limine (Doc. 256) and Superior's Response thereto (Doc. 275).

The term "in limine" has been defined as "on the threshold; at the very beginning; preliminarily." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984) (citing Black's Law Dictionary 708 (5th ed. 1979)). "A motion in limine seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or even mentioning it at trial, without first having its admissibility determined outside the presence of the jury." 75 Am. Jur. 2d Trial § 39 (2008). A motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. *Id.* "Motions in limine are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial." *Stewart v. Hooters of America, Inc.*, 2007 WL

1752843 at *1 (M.D. Fla. June 18, 2007). "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id*. Denial of a motion in limine does not insure that the evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). A district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling, even if nothing unexpected happens at trial. *Luce*, 469 U.S. at 41.

In its Motion, Shaklee seeks to exclude, *in limine,* various forms of evidence. The Court rules on these in the order presented in Shaklee's Motion.

1. <u>Superior's confidential information</u>. DENIED. The Court cannot *in limine* rule on "notions" or "insinuations" to be drawn from the lack of evidence.

2. <u>Stacking inferences</u>. GRANTED. Plaintiff implies that Mrs. Steeves-Kiss ("Kiss"), while employed by P&G in 2005, knew about Superior's Healthprint service, and ten years later used that knowledge to facilitate the development of Shaklee's on-line Heathprint questionnaire. Shaklee contends that there is no direct evidence of either inference, which runs afoul of the rule against pyramiding inferences. In its motion, Plaintiff contends that under federal law, "there is no prohibition against pyramiding inferences," citing *Preferred Care Partners v. Humana*, 2009 WL 982433, at *11 (S. D. Fla. April 9, 2009). The relevant discussion is at pages 9-10 of that opinion, and Plaintiff conveniently omits the concluding clause of the quote: ". . . so long as they are *reasonable*." (Emphasis added.) The court went on to evaluate the reasonableness of the inference there involved. Similarly, in *Nat'l Union v. Tyco*,

2015 WL 3905018 at *21 (S.D. Fla. 2015), the court recognized that there is no prohibition against pyramiding inferences (especially in the context of a motion for summary judgment); "instead all inferences are permissible so long as they are reasonable." Thus, the question here is whether the predicate inference (Kiss's knowledge of Superior's Heathprint mark) is reasonable under the circumstances. The Court concludes it is not a reasonable inference and will be excluded at trial unless Plaintiff can present direct evidence of her knowledge.

3. <u>David & Goliath portrayal</u>. DENIED. Evidence of Shaklee's income, *i.e.*, gross sales and net profits during the relevant period are relevant to Plaintiff's damages claim and will not be excluded. However, evidence of Shaklee's net worth or any attempt to denigrate Shaklee by reason of its relative size will not be permitted. The Court will not exclude, *in limine*, evidence of Shaklee's distributors.

4. <u>Shaklee's landmark study</u>. DENIED. The landmark study may have some relevance to the "relatedness" factor in a trademark infringement analysis. The study, however, should not be used to imply that Shaklee performs blood testing as a part of its Healthprint service.

5. <u>Insinuating that Shaklee approved Superior's use of the Shaklee mark in connection with Superior's advertisements</u>. DENIED. This motion is based on the general proposition that Shaklee's distributors, as independent contractors, cannot approve the use of Shaklee's mark in connection with Superior's advertising. While this is true, the Court cannot, *in limine*, control efforts to insinuate otherwise. Objections in this regard will be handled at trial.

6. <u>The Cheney/Lagoni Powerpoint</u>.   DENIED.   Cheney[1] and Lagoni are Shaklee distributors who ostensibly authored a Powerpoint document that promotes the use of Shaklee supplements to treat cancer (Doc. 256-8).   Superior has listed this document as an exhibit for trial.   Shaklee is concerned that Superior will use this evidence to show that Shaklee is engaged in the same unlawful conduct – the illegal practice of medicine – that Shaklee accuses Cullen of engaging in.   But, Cheney and Lagoni are independent contractors, not employees of Shaklee; whereas, Cullen is the principal owner of Superior.   The manner in which Shaklee deals with its "rogue" distributors is not relevant to the issues in this case.   However, Superior claims that the Powerpoint is admissible to attack the credibility of Lagoni as a witness at trial.   If Lagoni testifies for Shaklee at trial, the Court will determine at that time whether this evidence is proper impeachment.

7. <u>Evidence of Superior's financial performance prior to 2012</u>.   GRANTED, by agreement.

8. <u>Rule 26 Disclosures</u>.   This issue is now moot and is, therefore, DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 25, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Spelled both "Cheney" and "Chaney" in the relevant Powerpoint document. *Compare* Doc. 256-8 at 34 *with* Doc. 256-8 at 2.