**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SUPERIOR CONSULTING SERVICES, INC.,**

      **Plaintiff,**

**v.**                                                    Case No: 6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and
SHAKLEE U.S., LLC,**

      **Defendants.**

## ORDER

This matter is before the Court on Superior's Motion in Limine (Doc. 257) and Shaklee's Response in opposition (Doc. 274).

The term "in limine" has been defined as "on the threshold; at the very beginning; preliminarily." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984) (citing Black's Law Dictionary 708 (5th ed. 1979)). "A motion in limine seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or even mentioning it at trial, without first having its admissibility determined outside the presence of the jury." 75 Am. Jur. 2d Trial § 39 (2008). A motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. *Id*. "Motions in limine are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial." *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843 at *1 (M.D. Fla. June 18, 2007). "Accordingly, if evidence is not clearly inadmissible,

evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id*. Denial of a motion in limine does not insure that the evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). A district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling, even if nothing unexpected happens at trial. *Luce*, 469 U.S. at 41.

In its Motion, Superior seeks to exclude, *in limine*, five items of evidence. These are addressed below.

1. <u>Evidence of Superior's financial condition from 2012-2016</u>. DENIED. Although Superior is not seeking lost profits, its sales volume is relevant to its trademark infringement and dilution claims. Superior's profitability may also be appropriate impeachment of its motive for filing this action.

2. <u>Evidence concerning Cullen's related companies</u>. DENIED. Cullen (the owner of Superior) is also a shareholder in Abbi, Inc. f/k/a Cullen & Associates. Superior does not sell supplements but Abbi does. Superior claims that her interest in Abbi is irrelevant to any of the issues in this case, but Cullen was a Shaklee distributor under the auspices of Abbi, and Cullen's relationship to Shaklee as a distributor is relevant to the issues in this case. Moreover, there is evidence that Superior uses Abbi to sell supplements to Superior's customers, which is relevant to Shaklee's counterclaim.

3. <u>Srinivasan and Mosler's testimony</u>. DENIED. *See* the Court's Order at Doc. 314. Moreover, these are both hybrid and fact witnesses who have been deposed by Superior. Their testimony cannot be excluded or limited *in limine*.

4. <u>Shaklee's Trial Exhibits 24 and 42</u>.  DENIED.  These exhibits pertain to third party usage of the "Healthprint" mark, which is relevant to the strength of Plaintiff's mark.  Exhibit 24 was disclosed in Shaklee's response to Superior's Motion for Preliminary Injunction (Doc. 43).  Several documents within Exhibit 42 were also previously disclosed and some are included in Superior's trial exhibits.  Since Shaklee is withdrawing any portions of Exhibit 42 that were not previously disclosed, Superior's Motion is without merit.

5. <u>Comments during opening statements regarding Shaklee's gross sales</u>.  DENIED.  Superior contends that Shaklee's gross sales, a fact that Plaintiff must prove in support of its damages claim, is inappropriate argument.  Shaklee characterizes that position as "bizarre."  The Court agrees.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 25, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party