UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUPERIOR CONSULTING SERVICES
INC.,

      Plaintiff,                       Case No.: 6:16-CV-2001-ORL-31GJK

v.

SHAKLEE CORPORATION, SHAKLEE
U.S., LLC,

      Defendants.

_____/

## SHAKLEE'S MOTION FOR BENCH TRIAL AND SUPPORTING MEMORANDUM OF LAW

Defendants Shaklee Corporation and Shaklee U.S., LLC (together, "Shaklee"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 39, hereby request that this Court conduct a bench trial in the above-referenced case, as the only relief currently available to Superior Consulting Services, Inc. (the "Plaintiff") is of an equitable, rather than legal, nature. Shaklee states in support as follows:

### INTRODUCTION

Plaintiff initially sought both legal and equitable relief for Shaklee's alleged trademark infringement, unfair competition, and tortious interference with Superior's contractual relations. That is how the case began; however, this case has now significantly changed. The Court has recently granted Shaklee's summary judgment motion as to Superior's tortious interference claim (the "Summary Judgment Order") [Docs. 178, 281], ***which claim was "legal" rather than "equitable."*** Further, the Plaintiff has abandoned a substantial portion of its initially claimed damages. Now, the only relief remaining for the Plaintiff is equitable: disgorgement of Shaklee's profits and injunctive relief. It is well settled

that the Seventh Amendment does not afford litigants a jury trial on equitable claims.[1]

In Superior's "prayer for relief" in the Second Amended Complaint [Doc. 159], Superior requested a panoply of "actual, general, and/or statutory damages," along with injunctive relief, reasonable attorney's fees and costs, and punitive damages. Superior's damages claims have subsequently been narrowed, in large part through abandonment. On February 20, 2018, the parties filed their Joint Pretrial Statement (the "Pretrial Statement") [Doc. 254]. In the Pretrial Statement section on remedies, the Plaintiff unequivocally asserts that it intends merely to seek "disgorgement of Defendants' profits pursuant to 15 U.S.C. § 1117(a). . ." along with attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and Florida Statutes §§ 501.211, 501.2105. [Doc. 254, pp. 7-8]. The Plaintiff abandoned and, therefore, is not claiming any other damages, with full knowledge of the clear admonition in this Court's Local Rules that "[a]ll pleadings filed by any party prior to filing of the pretrial statement *shall be deemed to be merged therein* . . . . *The pretrial statement and the pretrial order, if any, will control the course of the trial* . . . ." M.D. Fla. Local Rule 3.06(e) (emphasis added).

The Plaintiffs' focus on equitable disgorgement damages in the Pretrial Statement is consistent with its other recent and repeated representations to the Court. The Plaintiff has expressed in several other pleadings, papers, and arguments to the Court that it specifically intends to seek disgorgement of Shaklee's profits, *not as a surrogate for its own purported lost profits, but as a remedy available under the Lanham Act based upon deterrence and*

---

[1] *If this Motion were granted, the entire case could be efficiently resolved through a bench trial, with the trial likely lasting no more than three days.* Shaklee has asserted counterclaims for trademark dilution and for a violation of the Florida Deceptive and Unfair Trade Practices Act. However, Shaklee seeks equitable relief on these counterclaims, i.e. disgorgement and injunctive relief.

*unjust enrichment*. In fact, Superior is so certain in its commitment to disgorgement damages as its remedy that it filed a motion *in limine* directed at excluding any evidence "**concerning Superior's financial condition**."[2] [Doc. 257, pp. 4-6] (emphasis added). In its motion *in limine*, Superior specifically states: "Superior's chosen measure of damages in this case: disgorgement." [*Id*. at p.5]. Superior further goes on to contend: "Superior's expert reports in this action only focus on calculating Shaklee's gross sales during the relevant period of infringement. Superior's financial condition is therefore inadmissible under Rule 402 because it has no probative value with respect to calculating <u>Shaklee's</u> gross sales. *See* FED. R. EVID. 401, 402." [*Id*.] (emphasis in original).[3]

Likewise, in opposition to Shaklee's *Daubert* Motion as to David Dieterle, Superior's damages expert, Superior argued that, because it sought disgorgement of Shaklee's profits, it was not required to show either that (a) the parties were in direct competition or (b) the defendant's infringement diverted sales from the plaintiff. [Doc. 241, p. 12]. In response to Shaklee's motion for summary judgment, Superior argued: "**the fact that Superior is not seeking its own lost profits in this action** has no bearing on this court's summary judgment ruling." [Doc. 249, p. 10] (emphasis added).

Ultimately, on April 16, 2018, the Court granted Shaklee's summary judgment motion with respect to Superior's claim for statutory trademark dilution and common law tortious interference with advantageous business relationships. [Doc. 281]. Accordingly, Superior's only pending claims at present are: direct trademark infringement, vicarious

---

[2] It is undisputed that Superior has not turned a profit during the relevant time period of 2012 to the present.

[3] Superior also asserts that the jury might improperly give weight to Superior's financial condition, which would be prejudicial where it is only seeking "defendant's profits," and not "any damages sustained." [*Id*. at p. 5] (quoting 15 U.S.C. § 1117). On May 25, 2018, the Court denied Superior's motion *in limine*. [Doc. 320]. Shaklee anticipates that Superior will continue to assert the same positions on these evidentiary points at trial.

trademark infringement, violation of FDUTPA for trademark infringement,[4] and unfair competition. With respect to each of these claims, Superior seeks the same remedy: disgorgement of Shaklee's profits, injunctive relief, and attorneys' fees and costs incidental to the relief requested. As explained further below, a "disgorgement" remedy is equitable in nature and does not carry with it a right to trial by jury.

## LEGAL ARGUMENT

### A.    The Right to Trial by Jury

Under Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable of right by jury. Federal Rule of Civil Procedure 39(a) provides, however, that after a jury trial has been demanded, the Court may "on motion or on its own, find[] that on some or all of those issues there is no federal right to a jury trial." The federal right to a jury trial itself emanates from the Seventh Amendment to the United States Constitution, which provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved. . . ." U.S. Const. Amend. VII. The "common law" suits referenced in the Seventh Amendment are "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered. . ." *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 443, 447 (1830) (Story, J.). Accordingly, since its enactment, the Seventh Amendment has only preserved the right of a trial by jury when legal rights, rather than equitable rights, are at issue. *See, e.g. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570-71 (1990) (analyzing the right to a jury trial under the

---

[4] As articulated by Superior, and recognized by the Court, Superior's claim under FDUTPA and common law unfair competition are to be analyzed under the same framework, including the same damages, as Superior's trademark infringement claims. [See Doc. 281, pp. 4-5].

4

legal/equitable framework, distinguishing legal damages such as back pay with equitable restitutionary damage such as disgorgement of profits).

Courts today apply a two-prong test in determining whether the rights at issue are legal or equitable, first comparing "the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second examining the "remedy sought and determining whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417-18 (1987). Although the Eleventh Circuit has not ruled on the issue in the specific context of trademark infringement,[5] related Eleventh Circuit precedent, and the prevailing view of those courts within the Eleventh Circuit that have analyzed the issue in trademark infringement cases, is that the disgorgement remedy sought by Superior is equitable, not legal. Because Superior seeks only equitable remedies – disgorgement and injunctive relief – it has no right to a jury trial.

**B.      Disgorgement of Profits is an Equitable Remedy with No Jury Trial Right**

As the Eleventh Circuit has indicated in other contexts, disgorgement of profits is overwhelmingly considered an equitable remedy. *See Waldrop v. S. Co. Servs.*, 24 F.3d 152, 157 (11th Cir. 1994) ("[D]amages are equitable when they are restitutionary, such as actions for disgorgement of improper profits.") (internal citation omitted); *see also G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 46 (S.D.N.Y. 1995) (collecting cases on equitable nature of disgorgement in various contexts). The fact that this action is based upon alleged trademark infringement does not change the analysis in any

---

[5] The absence of controlling Eleventh Circuit authority on the issue is expressly noted in the annotation to the Eleventh Circuit's Pattern Jury Instruction 10.1 for "Trademark Infringement," which ultimately states that with respect to the accounting of defendant's profits ***"[i]n the absence of controlling circuit authority, this instruction does not purport to resolve the issue; rather it is intended to provide guidance to the extent that the accounting remedy is referred to a jury."*** (Emphasis added). *See also* Eleventh Circuit Pattern Jury Instruction 10.5, annotation on accounting of defendant's profits for Trademark Dilution.

way.  *See, e.g. Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1247 (6th Cir. 1991) (finding

plaintiff only requested "equitable relief; an injunction and disgorgement of profits");

*Lucky's Detroit, LLC v. Double L, Inc.*, No. 2014 WL 4854982, at *3 (E.D. Mich. Sept. 30,

2014) ("As the disgorgement of profits is an equitable remedy, Defendant is not entitled to a

jury trial on that issue."); *G.A. Modefine*, 888 F. Supp. at 45 ("[T]he remedy of disgorgement

of profits is equitable in nature."); *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 325

F. Supp. 2d 841, 852 (M.D. Tenn. 2004) ("Given this history of making the infringer account

for unlawful profits as an equitable remedy, the Seventh Amendment right to a jury trial does

not attach.").  In fact, the language of the Lanham Act, as constantly reiterated by Superior,

supports this position, stating that "[i]n assessing profits, the ***plaintiff shall be required to***

***prove defendant's sales only*** . . ." 15 U.S.C. § 1117(a) (emphasis added).  Accordingly, the

"remedy of disgorgement of profits inquires into the defendant's gains rather than into what

the plaintiff is owed." *Playnation Play Sys., Inc. v. Velex Corp.*, No. 1:14-cv-01046-RWS,

2016 WL 4166250, at *3 (N.D. Ga. Apr. 27, 2016) (citing *Mishawaka Rubber & Woolen*

*Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 205 (1942)).

> *__Two courts in the Eleventh Circuit have recently and expressly ruled that__*
> *__trademark plaintiffs seeking disgorgement damages are not entitled to a trial by jury__*.  In
> *United Country Real Estate, LLC v. United Realty Group, Inc.*, Judge Ann Bloom of the
> United States District Court for the Southern District of Florida, granted a motion for bench
> trial.  A copy of Judge Bloom's decision, entered on February 28, 2017, is attached hereto as
> Exhibit "A." *United Country* distinguishes an equitable disgorgement remedy from one
> where a plaintiff seeks a defendant's profits as merely a proxy for a plaintiff's own lost
> profits. *Id*. at pp. 3-4. The *United Country* court found that where the plaintiff was seeking

disgorgement of defendant's profits, such a remedy was strictly equitable in nature, regardless of the language used to describe it. *Id*. at p. 8. Accordingly, the court granted the motion for a bench trial. *Id*.

Likewise, in *Playnation Play Systems, Inc. v. Velex Corp.*, No. 1:14-CV-01046-RWS, 2016 WL 4166250 (N.D. Ga. Apr. 27, 2016), the Northern District of Georgia reached the same conclusion. In ruling on a motion to strike the plaintiff's jury trial demand, where the plaintiff sought disgorgement of defendant's profits and nominal damages, the Court found that disgorgement of defendant's profits is an equitable remedy carrying no right to a jury trial in the context of trademark cases or otherwise. *Id*. at *2. The *Playnation* decision, ***following what the court recognized as the "majority rule,"*** disposed of the plaintiff's argument that *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) means that an accounting of profits was a legal claim with a right to jury trial. The *Playnation* court's reading of *Dairy Queen*, which is echoed throughout other case law, is that the holding of the Supreme Court is not applicable to the disgorgement of profits remedy. *Id*. at *3-4. As described in *Playnation*, in *Dairy Queen*, a franchisee of Dairy Queen failed to pay royalties under the franchise agreement, leading to the termination of the agreement. *Id*. at *3. In its complaint, Dairy Queen sought an accounting "to determine the exact amount of money owing by petitioner and a judgment for that amount." *Id*. (quoting *Dairy Queen*, 369 U.S. at 475). Accordingly, the "majority view" of *Dairy Queen* is that it "concerns legal damages for breach of contract, not an accounting of profits from trademark infringements." *Id*. (quoting 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:124 (4th ed. 2016)).

As set forth above, Superior has made it crystal clear throughout these proceedings,

7

particularly in fending off Shaklee's criticisms of its damages claim and the availability of disgorgement generally, that it is not in any way seeking disgorgement as a proxy for its own lost profits.  The remedy Superior seeks is equitable and Superior has no right to a jury trial under the Seventh Amendment.

### C.    **Superior has Committed to the "Disgorgement" Measure of Damages.**

As stated above, Superior is unable to proceed as to any of its previously claimed "legal" remedies.  The Court has now granted Shaklee's motion for summary judgment on Superior's tortious interference claim, as to which Superior may have had a right to a jury trial.[6]  Significantly, Superior has failed to itemize any damages other than disgorgement of Shaklee's profits in the Pretrial Statement.   Under M.D. Fla. Local Rule 3.06(e) "[a]ll pleadings filed by any party prior to the filing of the pretrial statement shall be deemed merged therein, or in any subsequent pretrial order entered by the Court. The pretrial statement and the pretrial order, if any, will control the course of the trial and may not be amended except by order of the Court and in furtherance of justice." *Randolph County v. Alabama Power Co.*, 784 F.3d 1067, 1072 (11th Cir. 1986).  *See also Havey v. City of Bradenton*, No. 8:04-cv-1748, 2006 WL 1152060, at *1 (M.D. Fla. May 1, 2006) (finding injunctive and declaratory relief not appropriate because the plaintiff did not mention such relief "in the pretrial stipulation submitted by the parties, a document which merges the pleadings and governs the trial"). The remainder of Superior's previously pled damages have

---

[6] Superior may argue that Shaklee joined in the Pretrial Statement's pronouncement that the case shall be tried by a jury, and joined in submission of proposed jury instructions on various claims, including for trademark infringement. However, at the time of filing of the Pretrial Statement, the Court had yet to resolve certain "legal" claims with a right to a jury trial, including Superior's count for tortious interference.  Thus, at the time the Pretrial Statement was submitted, the case was going to involve a jury trial in any event.  That is no longer the case.

been waived or have otherwise been disposed of at this late stage in the proceeding.[7]

### D.    Statutory Damages are Waived and/or Subject to Summary Judgment.

Finally, in an abundance of caution, Shaklee notes that Superior initially included a claim for statutory damages on a counterfeiting theory under 15 U.S.C. § 1117(c) in its Second Amended Complaint.  Superior may claim a right to a jury trial on the basis of this remedy.  To the extent that the Plaintiff argues that its claim for statutory damages for counterfeiting may still move forward to trial (***even though it neglected to itemize it as damages that Superior would seek at trial in the pretrial statement***), Shaklee's Summary Judgment Motion articulates the ways in which such a claim fails. [See Doc. 178, pp. 24-25; Doc. 258, p. 9].  The Court has not yet ruled on Shaklee's Summary Judgment Motion as to this issue, having taken the matter under advisement. [Doc. 281, p. 20]. In an abundance of caution, and to the extent the Court does not treat Superior's failure to specify statutory damages in the pretrial statement as a waiver of that remedy, Shaklee asks that the Court address Shaklee's Summary Judgment Motion on this point. There is no possible way that Shaklee's free online survey is a "stitch for stitch copy" of any of the goods or services allegedly offered by Superior under the "Healthprint" mark.  *Gucci Amer., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 253 (S.D.N.Y. 2012).

---

[7] The Plaintiff cannot use its prior request for punitive damages (which moreover was not itemized by the Plaintiff as a damages measure in the Pretrial Statement) to bootstrap a jury trial. Claims under the Lanham Act and Florida Deceptive and Unfair Trade Practices Act do not authorize an award of punitive damages.  *See, e.g. JAWHBS, LLC v. Arevalo*, 2017 WL 1345141, at *10 (S.D. Fla. Apr. 17, 2017) ("FDUTPA does not provide for punitive damages."); *Rain Bird Corp. v. Taylor*, 665 F.Supp.2d 1258, 1272 (N.D. Fla. 2009) ("Punitive damages are not available under the Lanham Act."). Even accepting that the Plaintiff has alternatively pled common law claims for unfair competition and trademark infringement, whether a party is entitled to a jury trial depends on whether the underlying claim is legal or equitable. *Pettigrew v. Graham*, 747 F.2d 1383 (11th Cir. 1984).  Here, as set forth above, Plaintiff is now seeking only equitable relief, for which punitive damages are not even available. This prohibition is attributed to two theories about equity, "the 'waiver theory, [which] holds that by bringing the action in equity the plaintiff waives the right to punitive damages,' and the theory that 'awarding . . . punitive damages is incompatible with equitable principles." *TigerDirect, Inc. v. Manhattan Assoc., Inc.*, No. 05-22591-CIV-MOORE, 2007 WL 9701962, at *3 (S.D. Fla. Jan. 5, 2007).

Considering the foregoing, there is no "legal" (as opposed to "equitable") relief available to the Plaintiff that has not already been waived or become inapplicable under the facts and law.  Accordingly, the Seventh Amendment does not grant the Plaintiff a right to a jury trial, and this Motion should be granted.

### Rule 3.01(g) Certification

The undersigned has conferred with counsel for the Plaintiff as to the relief requested herein but has been unable to reach a resolution.

**WHEREFORE**, Shaklee respectfully requests that this Court (a) grant this Motion, (b) conduct a bench trial on the merits of this action on all remaining claims, and (c) grant such other and further relief as is necessary and appropriate.

/s/ Ethan J. Loeb
ETHAN J. LOEB
Florida Bar No. 0668338
ethanl@smolkerbartlett.com
susanm@smolkerbartlett.com
JON P. TASSO
Florida Bar No. 0120510
jont@smolkerbartlett.com
cynthiam@smolkerbartlett.com
susanm@smolkerbartlett.com
ALLISON DOUCETTE
Florida Bar Number 0085577
allisond@smolkerbartlett.com
amandad@smolkerbartlett.com
SMOLKER, BARTLETT, LOEB,
HINDS & THOMPSON, P.A.
100 N. Tampa Street, Suite 2050
Tampa, Florida 33602
*Attorneys for Shaklee*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 5, 2018**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to: **COLEMAN W. WATSON, ESQUIRE**, coleman@watsonllp.com, docketing@watsonllp.com and **RONIKA JULLEEN BELL-CARTER, ESQUIRE**, ronika@watsonllp.com, ronika.carter@gmail.com, Watson LLP, 189 S. Orange Avenue, Suite 810, Orlando, FL 32801, ***Attorneys for Plaintiff***.

/s/ Ethan J. Loeb

ETHAN J. LOEB
Florida Bar No. 0668338

11