# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SUPERIOR CONSULTING SERVICES, INC.,**

      **Plaintiff,**

**v.**                                          Case No:   6:16-cv-2001-Orl-31GJK

**SHAKLEE CORPORATION and
SHAKLEE U.S., LLC,**

      **Defendants.**

## ORDER

This Matter comes before the Court without a hearing on Shaklee's Motion for Bench Trial (Doc. 328) and Superior's Memorandum in Opposition (Doc. 336).

### I.    Factual and Procedural Background

Superior owns two Florida fictitious business entities called "Your Future Health" and "YFH" (collectively "Superior"). Doc. 20 ¶ 5. Superior's "primary objective is the early detection of disease, through performing certain laboratory tests, including blood tests, for consumers." *Id.* ¶ 7. Superior accomplishes its objective by creating a profile "customized to a client's unique biochemistry," called a "Healthprint." *Id.* ¶ 11. Superior has registered the mark "Healthprint" twice with the United States Patent and Trademark Office ("USPTO"). Registration number 2646571 was obtained on November 5, 2002, and registration number 2928465 was obtained on March 1, 2005. Doc. 20 ¶¶ 14, 16. The USPTO did not require proof of a secondary meaning for either mark. *Id.* ¶ 18. On November 8, 2008, and February 5, 2011, Superior filed declarations of incontestability for the marks.

On June 8, 2016, Shaklee, a corporation that manufactures and distributes nutrition supplements, beauty products, and household-cleaning products, filed a trademark application with the USPTO claiming a similar "Healthprint" mark. Shaklee's Healthprint refers to a free, online survey that consists of twenty-two questions about a client's personal characteristics, habits, and goals. Doc. 43–8 ¶ 13. Once the client answers all of the questions, he or she is presented with "a customized set of Shaklee products that fits [his or her] health goals, needs and budget." Doc. 43–7, Ex. 1 at 1.

On December 14, 2017, Superior filed its Second Amended Complaint. Doc. 159. Count I of the Second Amended Complaint alleges Direct Federal Trademark Infringement; Count II alleges Vicarious Federal Trademark Infringement; Count III alleges violation of the Florida Deceptive and Unfair Trade Practices Act, or, in the alternative, common law unfair competition; Count IV alleges common law trademark infringement; Count V alleges statutory trademark dilution in violation of 15 U.S.C. § 1125 and Florida Statute § 495.001, *et seq.*; Count VI alleges Federal Trademark Unfair Competition under 15 U.S.C. § 1125(a); and Count VII alleges common law tortious interference with advantageous business relationships. On January 2, 2018, Shaklee filed its Answer, Affirmative Defenses, and Counterclaim. Doc. 166. Count I of the Counterclaim alleges Statutory Trademark Dilution; Count II seeks declaratory relief for invalidity of the Healthprint mark for nutritional supplements; and Count III seeks declaratory relief under the Florida Deceptive and Unfair Trade Practices Act.

On April 16, 2018, the Court granted Shaklee's Motion for Summary Judgment with respect to Counts V and VII of the Second Amended Complaint. Doc. 281.

## II. Legal Standards

After a party demands a jury trial, the Court may make a finding that on some or all of the issues, there is no federal right to a jury trial. Fed. R. Civ. P. 39. The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." In order to ascertain whether a given action is analogous to a suit at common law, Courts "determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty . . . [by] examin[ing] both the nature of the action and of the remedy sought." *Tull v. United States*, 481 U.S. 412, 417 (1987).

## III. Analysis

Shaklee asks the Court to conduct a bench trial on the basis that the Plaintiff is only entitled to equitable relief: disgorgement of profits and injunctive relief. Doc. 328 at 1. Although disgorgement of profits is a type of monetary damages, it is considered a form of equitable relief. *See Waldrop v. S. Co. Servs.*, 24 F.3d 152, 157 (11th Cir. 1994). Superior does not contest Shaklee's characterization of disgorgement of profits as an equitable remedy. Rather, Superior points to two legal remedies it sought in its complaint: (1) statutory damages under the Lanham Act, and (2) punitive damages. Doc. 336 at 2. Shaklee argues that Superior waived any claims to statutory or punitive damages by failing to include them in the Joint Pretrial Statement (Doc. 254).

Superior notes that the Court issued an Order that requires the parties to submit an Amended Joint Pretrial Statement by August 3, 2018. Doc. 329. The purpose of that Order was not to give Superior a second chance to seek damages that it had waived in the original Joint Pretrial Statement; rather, the Court ordered the submission of a new pretrial statement due to decisions the Court had made on various pretrial motions since the time the original Joint Pretrial Statement had been filed.

In the original Pretrial Statement, Superior had the opportunity to state the damages it sought. Superior made no mention of statutory or punitive damages in the damages section, instead asserting only an intention to seek disgorgement of profits. *See* Doc. 254 at 7-8. The Local Rules for the Middle District of Florida are clear that the Pretrial Statement is controlling:

> All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein, or in any subsequent pretrial order entered by the Court. The pretrial statement and the pretrial order, if any, will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

Local Rule 3.06(e). To the extent that Superior had claims for statutory or punitive damages prior to the filing of the Joint Pretrial Statement, those claims were waived when it failed to include them in its statement of damages sought.

### IV. Conclusion

For the foregoing reasons, Shaklee's Motion for Bench Trial (Doc. 328) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 28, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party